USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/24/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

SHOSHANNA MORGAN,                         :

               Plaintiff,          :          09 Civ. 3288 (TPG)

     - against -                         :          **OPINION**

CHRISTOPHER WILLIAMS, CLYDE                :
PARKER, EDGA CONSEONO,
MR. METO,                                 :

               Defendants.         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

     Plaintiff Shoshanna Morgan, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 to recover damages for alleged violations of her constitutional rights in connection with the termination of her employment.

     There is now before the court a motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1), (2), (5), and (6) for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient service of process, and failure to state a claim upon which relief can be granted. Plaintiff has failed to submit any opposition.

     The motion under Rule 12(b)(6) is granted.

     Plaintiff's complaint is very abbreviated. Certain rudimentary facts appear in the memorandum of law in support of the motion to dismiss.

     Plaintiff was hired by the New York Public Library ("NYPL") as a "library attendant guard" or porter on October 22, 2007. During plaintiff's

employment, according to the defense, defendant James Minto (improperly pled by plaintiff as "Mr. Meto") was the Director of Facilities Operations for the NYPL; defendant Christopher Williams was the Senior Property Manager, in charge of the building in which plaintiff worked; defendant Clyde Parker was the Night Operations Manager, in charge of nighttime cleaning; and defendant Edgar Casiano (improperly pled by plaintiff as "Edga Conseono") was the Foreman, responsible for his team completing their tasks.  On January 10 or 11, 2008, plaintiff was terminated from her employment.

In this action plaintiff alleges unlawful discrimination against her on the grounds of pregnancy.  The Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k), is an amendment to Title VII of the Civil Rights Act of 1964, and under Title VII, plaintiffs are required to file an administrative charge prior to commencing suit in federal district court.  Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 82-83 (2d Cir. 2001).  The U.S. Equal Employment Opportunity Commission received an initial inquiry from plaintiff on or about March 7, 2008 and replied with a request for information.  However, the EEOC received neither a response to the request for information nor an actual charge of discrimination, and plaintiff's inquiry was closed on May 9, 2008.

The present action was commenced by filing of the complaint on February 9, 2009.  It appears that only defendant Parker was actually served with process.  However, the current motion is made on behalf of both Parker

and Minto. The motion papers have been duly served on plaintiff. However, plaintiff has not responded.

The court recognizes that a plaintiff's failure to oppose a motion to dismiss does not necessarily require the dismissal of an action. See Maggette v. Dalsheim, 709 F.2d 800, 802 (2d Cir. 1983) ("Nothing in either the Federal Rules of Civil Procedure or the Civil Rules of the Southern District requires a court to grant a motion by default simply because the nonmoving party fails to respond."). See also McCall v. Pataki, 232 F.3d 321, 322-23 (2d Cir. 2000) ("the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law").

The threshold problem in the present case is the failure of plaintiff to file an administrative charge. With a few exceptions, not relevant here, claims arising in New York must be filed with the EEOC within 300 days of the date on which the alleged unlawful employment practice occurred. Ford v. Bernard Fineson Dev. Ctr., 81 F.3d 304, 307 (2d Cir. 1996), citing 42 U.S.C. § 2000e-5(e)(1). Here, as stated in the complaint, the alleged discrimination occurred on December 27, 2007, more than 800 days ago, and no administrative charge has ever been filed.

Because plaintiff failed to exhaust her administrative remedies before bringing this action, defendants argue that the complaint must be

-4-

dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. However, the Second Circuit has held that the failure to exhaust administrative remedies is a precondition to bringing a Title VII claim in federal court, rather than a jurisdictional requirement. Francis v. City of New York, 235 F.3d 763, 768 (2d Cir. 2000). The significance of this distinction lies in the fact that the failure to exhaust is subject to waiver, estoppel, and equitable tolling. Id. at 767. However, none of these appear to be relevant to the present case.

In light of the holding in Francis, a motion to dismiss for lack of an administrative claim is more properly brought as a motion to dismiss for failure to state a proper claim under Rule 12(b)(6). See McInerney v. Rensselaer Polytechnic Institute, 505 F.3d 135, 138 (2d Cir. 2007). Numerous courts in this district have found the failure to exhaust administrative remedies in the Title VII context sufficient grounds to grant a motion to dismiss pursuant to Rule 12(b)(6). See, e.g., Wisham v. Commissioner of I.R.S., 2009 WL 2526245 (S.D.N.Y. Aug. 19, 2009); Torruellas v. Potter, 2006 WL 536625 (S.D.N.Y. Mar. 6, 2006).

The court therefore dismisses the action under Rule 12(b)(6) for failure to make the necessary administrative claim. The other grounds for possible dismissal need not be discussed. Also, the dismissal will relate to the moving defendants and also defendants Williams and Casiano.

-5-

The action is dismissed in its entirety.

SO ORDERED.

Dated:   New York, New York
         March 23, 2010

					THOMAS P. GRIESA
					U.S.D.J.